UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SALLY BACHNER | : | **Case No.** |
| Plaintiff | : | |
| | : | |
| VS | : | |
| | : | |
| GROUP SHORT TERM DISABILITY | : | |
| PLAN FOR EMPLOYEES OF WESLEYAN | : | |
| UNIVERSITY, and TALCOTT RESOLUTION | : | |
| COMPREHENSIVE EMPLOYEE BENEFIT | : | |
| SERVICE COMPANY. | : | |
| Defendants | : | FEBRUARY 28, 2020 |

## **COMPLAINT**

Plaintiff, Sally Bachner, PhD. ("Dr. Bachner") for her Complaint against Defendants, Talcott Resolution Comprehensive Employee Benefits Service Company (doing business for all times relevant hereto and referred to herein as "Cigna,") and the Group Short Term Disability Plan for Employees of Wesleyan University (the "Plan"), states as follows:

1. Dr. Bachner is an individual who, at times relevant to this Complaint, resided in Connecticut and who is or was a participant in the Plan, sponsored by her employer, Wesleyan University.

2. The Plan is an employee welfare benefit plan with an office in the County of Middlesex, State of Connecticut.

3. Cigna at all times relevant to this complaint, had a business name of Hartford-Comprehensive Employee Benefit Service Company, and is a stock corporation with an office in the Town of Simsbury, County of Fairfield, State of Connecticut, and the current name of such entity is Talcott Resolution Comprehensive Employee Benefits Service Corporation.

    4.      Cigna acts as the claims administrator and makes all benefit determinations on behalf of the Plan.

    5.      Wesleyan University is the Plan Administrator of the Plan and is responsible for paying all benefits pursuant to the Plan.

    6.      Dr. Bachner brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), to recover benefits under the Plan. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over the defendants pursuant to ERISA 502(e)(2), 29 U.S.C. 1132(e)(2). Venue is proper in this district as the defendants do business in the State, and plaintiff resides in the State of Connecticut.

## Claim for Relief

    7.      The Plan provides short-term disability benefits to participants who are considered disabled under the Plan. Under the Plan, a participant is considered disabled if a participant is prevented by . . . sickness . . . "from performing the essential duties of your occupation, and as a result, you are earning less than 20% of your pre-disability Weekly Earnings".

    8.      Prior to her total disability, Dr. Bachner was employed as an Associate Professor of English. The position requires substantial cognitive ability and mental stamina, and in part, an ability to complete research and be able to explain difficult concepts to others. The position requires work in excess of 50 hours a week. As part of Dr. Bachner's work as an Associate Professor of English, publishing was a crucial part of her career, requiring extensive research and writing.

    9.      Dr. Bachner has suffered from migraine headaches. While they interfered with her ability to work, she was able to accommodate the impairment by taking occasional days off and scheduling make up sessions.

10. During Spring 2017, Dr. Bachner's migraines worsened, making it difficult for her to work, particularly her scholarly research and writing.

11. As the summer of 2017 progressed, Dr. Bachner experienced so much pain most days that she was unable to do her work and had to remain in a darkened room.

12. On the occasions when Dr. Bachner felt free enough from pain to attempt her work, reading would worsen her headaches and cause intolerable pain.

13. As the summer of 2017 progressed, Dr. Bachner began to experience pain when sitting up, so even if Dr. Bachner was able to read enough to attempt her publishing work, it was effectively making it impossible for her to write.

14. In August 2017, Dr. Bachner filed a claim for short-term disability benefits based on her inability to work a full-time schedule as a result of migraine headaches.

15. Talcott, in assembling medical records regarding the claim, unaccountably asked Dr. Bilchik, the physician with whom Dr. Bachner mainly treated for her migraines, only for office notes since the date of the filing of the disability application. Since this was only a few weeks after the filing, there was only one day of office notes.

16. On September 12, 2017, Cigna denied Dr. Bachner's claim for benefits on grounds that there were "no offered quantified exam findings to demonstrate an acute functional impairment, or current testing that would help do the same," and that Dr. Bachner's physician did not specify the frequency/duration/severity of the symptoms or how the symptoms would impair her ability to function.

17. The denial letter failed to comply with the requirements of 29 C.F.R. §2560.503-1(g)(1)(iii) by failing to specify any additional material or information necessary for the claimant to perfect the claim.

18. On December 29, 2017, through the undersigned counsel, Dr. Bachner appealed Cigna's denial of benefits:

- The letter and materials submitted with it established the frequency, duration and severity of the symptoms and how they impaired her ability to perform by submitting a detailed headache log in accordance with the standards of the Migraine Disability Assessment Test (the MIDAS Test"). The MIDAS Test was then the standard for showing disability from migraine, as established by the medical articles included in the letter, and showed that she was significantly disabled about 52% of the time. This was a time she was not working, and the letter explained that she would have experienced much more severe impairment if she had been trying to teach and do her research.

- The letter pointed out the regular complaints she made to her physicians regarding her impairing symptoms, and the limited relief she received from the various treatments that she tried.

- One basis for the denial was that there was only one visit with Dr. Bilchik, but the reason Cigna only had one day of medical records is that is all it had asked for. Since these records contained extensive information regarding the frequency, duration and severity of her headaches and how they affected her ability to work, failing to obtain these records was fatal to the claim.

- The letter further discussed the inadequacy of the medical file review on which the denial was based, which repeatedly stated that Dr. Bachner did not suffer from status migrainosus. The medical records repeatedly stats that she did have status migrainosus, which the file reviewer ignored.

19. On February 8, 2018, Cigna acknowledged receipt of the appeal.

20. On February 22, 2018, Cigna requested a 45-day extension of the period to consider the appeal

21. On March 2, 2018, Cigna contacted Dr. Bachner's counsel if Dr. Bachner's appeal submission was complete. In response, he faxed Cigna Dr. Bachner's headache log for the period of December 2017 to March 2018. The log demonstrated that Dr. Bachner was incapacitated more than half the days of the period.

22. On March 21, 2018, Cigna issued a denial letter to Dr. Bachner. Cigna upheld their previous decision stating the medical information on file did not reveal an ongoing level of severity to preclude Dr. Bachner from working. Though Cigna acknowledges Dr. Bachner's condition exists, it claimed the clinical evidence was not supportive of a functional impairment to the degree she would be unable to work. The basis for the denial was identical to the initial denial, that there are no documented deficits in hearing, speech, vision, or cognition demonstrated by testing or examination, and there is no abnormal imaging on file

23. The denial letter failed to comply with the requirements of 29 C.F.R. §2560.503-1(g)(1)(iii) by failing to specify any additional material or information necessary for the claimant to perfect the claim.

24. The review of the appeal further failed to satisfy the requirements of 29 C.F.R. §2560.503-1(h)(3)(iii) by having a nurse manager review the claim rather than "a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment."

25. On April 6, 2018, Dr. Bachner's counsel requested a complete copy of the claim file on appeal.

26. On July 2, 2018, Dr. Bachner's counsel requested an extension of the appeal period

to November 17, 2018 due to Cigna failure to produce the entire claim file, as the copy sent did not include the independent file review on which the denial was based.

27. Cigna only produced a complete copy of the claim file on or about August 8, 2018.

28. On November 12, 2018, through the undersigned counsel, Dr. Bachner appealed Cigna's second denial of benefits.

- The letter contained the opinion of Dr. William Young, a world-renowned expert in migraines, who had examined Dr. Bachner, and that it is in fact usual for those disabled from migraines to not have any documented physical deficits, or abnormalities that would be shown by imaging, and that Dr. Bachner was disabled by her migraines from performing her position as a university professor;
- The review of the appeal again ignored the extensive and detailed MIDAS Test logs establishing the severe toll her migraines took on her ability to function.

29. On January 8, 2019 Cigna issued a denial letter to Dr. Bachner. Cigna upheld their previous decisions, stating that the records on file do not support a functional loss.

30. The only medical file review conducted of the second appeal was again by a registered nurse, who repeated the medically-unsupported basis for the denial that there were no abnormal exam findings or imaging, and never addressed Dr. Young's opinion that almost anyone who is disabled by migraines would have no abnormal exam findings or imaging.

31. The review of the appeal further failed to satisfy the requirements of 29 C.F.R. §2560.503-1(h)(3)(iii) by having a nurse manager review the claim rather than "a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment."

32. Dr. Bachner continues to be disabled from her own occupation due to the effects of

migraine headaches.

33. The decision to deny the appeal was arbitrary and capricious.

34. Due to Cigna's failure to comply with the applicable claim review regulations, the court's review of this claim should be *de novo*.

35. The decision to deny short-term disability benefits was erroneous and should be overturned.

36. As a result of the foregoing, Dr. Bachner has suffered a loss in the form of unpaid benefits, an inability to pursue long-term disability benefits, among other things.

37. Dr. Bachner is entitled to a judgment against Cigna in the amount of the unpaid benefits under the Policy.

38. Dr. Bachner is also entitled to prejudgment interest and an award of attorney's fees under ERISA 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, Sally Bachner, requests the Court grant her the following relief from Defendant Life Insurance Company of North America:

a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

b. A judgment ordering Cigna to repay Dr. Bachner hers costs and attorney's fees, under ERISA 502(g); and

  c. All other relief to which she is entitled, including de novo review of the decision to deny the claim.

Dated: February 28, 2020       PLAINTIFF
                 SALLY BACHNER

                 /s/ David S. Rintoul
                 David S. Rintoul, Esq.
                 Zeldes, Needle & Cooper, PC
                 1000 Lafayette Blvd, Suite 700
                 Bridgeport, CT 06604
                 Email: drintoul@znclaw.com
                 Direct: (203) 332-5782
                 Fax: (203) 333-1489